COLIN G. MEEKER (Ohio Bar No. 0092980)
BLAKEMORE, MEEKER &amp; BOWLER CO., L.P.A.
495 Portage Lakes Dr.
Akron, Ohio 44319
Telephone: (330) 253-3337
Facsimile: (330) 253-4131
cgm@bmblaw.com

Attorney for Plaintiff Spencer Neal

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SPENCER NEAL, | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | **CIVIL RIGHTS** |
| | ) | |
| Vs. | ) | **COMPLAINT FOR INJUNCTIVE** |
| | ) | **RELIEF:** |
| HAWKSTONE ASSOCIATES, INC., | ) | |
| | ) | **1ST CAUSE OF ACTION:** For Denial of |
| Defendant. | ) | Access by a Public Accommodation in |
| | ) | Violation of the Americans with Disability |
| | ) | Act of 1990 ("Title III" and "ADA"), |
| | ) | 42 U.S.C. §§ 12181 *et seq*. |

Plaintiff SPENCER NEAL, Individually, on his behalf and on behalf of all other mobility

impaired individuals similarly situated (hereinafter "NEAL"), hereby complains against the

Defendant HAWKSTONE ASSOCIATES, INC. (hereinafter "HAWKSTONE"), an Ohio

Corporation for Profit, for injunctive relief, attorney's fees, litigation expenses, and costs

pursuant to the Americans with Disabilities Act, 42 U.S.C. 12181, et seq. ("ADA") and alleges

as follows:

1

1. Plaintiff, Spencer Neal, is an individual residing in Akron, Ohio, in the County of Summit.

2. Defendant's property, the OSU Sunoco gas station and convenience store, is located at 2825 Olentangy River Road, Columbus, Ohio 43202, in the County of Franklin.

3. Venue is properly located in the Southern District of Ohio because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. 12181, et seq. See also 28 U.S.C. 2201 and 2202.

5. Plaintiff Spencer Neal is an individual with disabilities as defined by the ADA. Mr. Neal is paralyzed as a result of spina bifida and relies on a wheelchair to ambulate. Spencer Neal has visited the property on June 15, 2018, which forms the basis of this lawsuit. Mr. Neal plans to return as a customer of Defendant's facility on his next scheduled trip to the area in July 2018, if the Defendant's facility is made fully accessible to a disabled person in a wheelchair, and to avail himself of the facility and its services. The Plaintiff has personally encountered architectural barriers at the subject property, which barriers are enumerated herein. The barriers to access at the property have denied him the full and equal access to the property.

6. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and

36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as the OSU Sunoco gas station and convenience store and is located at 2825 Olentangy River Road in Columbus, Ohio.

7. Spencer Neal has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 9 of this complaint. Mr. Neal has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Spencer Neal desires to visit Defendant's property not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 seq.

9. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26,1992 (or January 26,1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Defendant's property has shown that violations exist. These violations, which were personally encountered by Spencer Neal, include, but are not limited to:

3

    a.   No designated accessible parking exists in violation of 208.2 of the 2010 ADAAG.

    b.   The exterior routes into the convenience store are not at least 36 inches wide in violation of 403.5.1 of the 2010 ADAAG.

    c.   The route into the convenience store crosses a curb; the route does not include a curb ramp in violation of 402.2 of the 2010 ADAAG.

    d.   Interior routes throughout the convenience store are not at least 36 inches wide in violation of 403.5.1 of the 2010 ADAAG.

10. The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

11. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services. The barriers to access on the Defendant's property, and the discriminatory practices and policies of Defendant, have made it difficult to access and use the facility.

12. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

13. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26,1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26,1992, then the Defendant is required to ensure to the maximum extent feasible, that

the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26,1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

14. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26,1992. All other conditions precedent have been met by Plaintiff or waived by the Defendant.

15. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter its property to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

B. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when

such modifications are necessary to afford all offered goods, services, facilities,

privileges, advantages or accommodations to individuals with disabilities; and by failing

to take such steps that may be necessary to ensure that no individual with a disability is

excluded, denied services, segregated or otherwise treated differently than other

individuals because of the absence of auxiliary aids and services.

C.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of

the Americans with Disabilities Act.

Respectfully submitted,

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
BLAKEMORE, MEEKER & BOWLER CO., L.P.A.
495 Portage Lakes Dr.
Akron, Ohio 44319
Telephone: (330) 253-3337
Facsimile: (330) 253-4131
cgm@bmblaw.com
Attorney for Plaintiff SPENCER NEAL

7